**JA/2013v01827**
**PAUL J. FISHMAN**
**United States Attorney**
**By: PETER W. GAETA**
**Assistant United States Attorney**
**970 Broad Street, Suite 700**
**Newark, New Jersey 07102**
**Telephone: (973) 645-2927**
**Facsimile: (973) 297- 2010**
**peter.gaeta@usdoj.gov**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

**UNITED STATES OF AMERICA,**

**Plaintiff,**

**v.**

**$43,214.91 PREVIOUSLY CONTAINED IN ACCOUNT NUMBER 3133137295 IN THE NAME OF CHEE NOU HER AT JP MORGAN CHASE BANK, N.A.**

**Defendant *in rem*.**

**Hon.**

**Civil Action No.**

**VERIFIED COMPLAINT FOR FORFEITURE *IN REM***

Plaintiff, United States of America, by its attorney, Paul J. Fishman, United States Attorney for the District of New Jersey (by Peter W. Gaeta, Assistant United States Attorney) brings this Verified Complaint and alleges as follows in accordance with Supplemental Rule G(2) of the Federal Rules of Civil Procedure.

**NATURE OF THE ACTION**

1. This is an action to forfeit and condemn to the use and benefit of the United States of America the following property: $43,214.91 previously contained in account number 3133137295 in the name of Chee Nou Her at JP Morgan Chase Bank, N.A.to enforce the provisions of Title 18, United States Code, Section 981, et seq., which provides for the forfeiture of any property, real or personal, involved in a transaction or attempted transaction in violation of Title 18, United States Code, Section 1956 andTitle 21, United States Code, Section 881(a)(6), which subjects to forfeiture all moneys, negotiable instruments, securities, and other things of value furnished or intended to be furnished in exchange for a controlled substance in violation of Title 21, United States Code, Section 801, *et seq.*, and all proceeds traceable to such an exchange.

**THE DEFENDANT IN REM**

2. The defendant property consist of: $43,214.91 previously contained in account number 3133137295 in the name of Chee Nou Her at JP Morgan Chase Bank, N.A. that was seized on or about April 4, 2013 from Chee Nou Her ("defendant currency"). The defendant property is currently in the custody of the United States Marshal's Service.

**JURISDICTION AND VENUE**

3. Plaintiff brings this action *in rem* in its own right to forfeit and condemn the defendant currency. This Court has jurisdiction over an action commenced by the United States under Title 28, United States Code, Section 1345 and Title 28, United States Code, Section 1355(a).

4. This Court has *in rem* jurisdiction over the defendant currency under Title 28, United States Code, Section 1355(b)(1), because the acts or omissions giving rise to forfeiture took place in the District of New Jersey. Upon the filing of this Verified Complaint, the plaintiff requests that the Clerk of the Court issue an arrest warrant *in rem* pursuant to Supplemental Rule G(3)(b)(i), which the plaintiff will execute upon the defendant currency pursuant to Title 28, United States Code, Section 1355(d), and Supplemental Rule G(3)(c).

5. Venue is proper in this District pursuant to Title 28, United States Code, Section 1395.

**BASIS FOR FORFEITURE**

6. The defendant currency is subject to forfeiture pursuant to Title 18, United States Code, Section 981, et seq., which provides for the forfeiture of any property, real or personal, involved in a transaction or attempted transaction in violation of Title 18, United States Code, Section 1956 and Title 21, United States Code, Section 881(a)(6), because it constitute things of value furnished or intended to be furnished in exchange for a controlled substance or are proceeds

traceable to an exchange of moneys or other things of value furnished in exchange for a controlled substance.

**SUMMARY OF THE INVESTIGATION**

7. In September 2011, a Source of Information (SOI-1) provided information about a marijuana trafficking organization based in Eureka, California. SOI-1 was identified after a multi-pound shipment of marijuana was intercepted as it was being delivered to SOI-1 through the mail.

8. SOI-1 admitted to being associated with a Drug Trafficking Organization ("DTO") that is sending multi-pound quantities of synthetic high grade marijuana concealed within FedEx, UPS, and USPS shipments to customers located throughout the United States, including New Jersey, New York, North Carolina, Alabama, and Hawaii. The customers then send payments for the drugs back to the DTO by utilizing one of the following methods: depositing the payments into Bank of America bank accounts; concealing the payments inside FedEx, UPS, and USPS shipments; using bank wire transfers; or utilizing Western Union transfers. SOI-1 was able to identify additional members of this DTO, including Nathan Greeson. The SOI further identified Greeson's cousin, Jeremy Hamilton a/k/a Jeremy Zahn, as one of the major New Jersey recipients of the marijuana shipments.

9. SOI-1 identified Jeremy Hamilton, a/k/a Jeremy Zahn, from Zahn's New Jersey driver's license photograph.

10. On April 19, 2012, DEA agents in California informed agents in Newark that the Humboldt County (California) Drug Task Force had observed Greeson coming out of a FedEx facility. Law enforcement officers went inside the FedEx facility after Greeson left and had a narcotics trained K9 named Reece conduct a free air sniff on several parcels Greeson had just dropped off. Reece alerted positively for the smell of narcotics on the parcels. Agents in California informed DEA Newark that the parcels were being sent from California to addresses in New Jersey.

11. On April 20, 2012, law enforcement officers seized one of the parcels mailed by Greeson. The parcel was found to contain a multi-pound shipment of high grade synthetic marijuana. The parcel was shipped to an address in New Jersey associated with SOI-1.

12. On April 21, 2012, law enforcement officers set up surveillance around another address in New Jersey indicated on one of the FedEx packages sent by Greeson on April 19, 2012. At approximately 11:20 a.m. a FedEx truck driver rang the doorbell and dropped a parcel at the door step. Approximately a minute later, a male (SOI-2), stepped out of the residence, picked up the parcel, and immediately entered a vehicle and drove away.

13. Law enforcement officers followed SOI-2. Approximately a mile down the road a marked patrol car conducted a stop on SOI-2's vehicle, after a motor vehicle infraction. Police officers requested consent to a search of the

vehicle, which SOI-2 refused. A trained narcotic K9 conduct a free air sniff on the vehicle and indicated the presence of narcotics inside the vehicle.

14. A court ordered search warrant was executed on the vehicle. A FedEx parcel containing 3 pounds of marijuana was found inside the vehicle. SOI-2 was subsequently arrested for possession and possession with intent to distribute marijuana.

15. After being arrested, SOI-2 identified, by photograph, Jeremy Zahn as the individual to whom he was to deliver the marijuana.

16. On August 23, 2012, law enforcement officers in New Jersey were contacted by law enforcement officers in California who believed that a package containing approximately 15 pounds of marijuana was being shipped to a residence in Berkeley Township, New Jersey.

17. Surveillance was conducted on the address in Berkeley Township, New Jersey. Zahn was observed arriving at the address, retrieving a FedEx box left at the front door, and placing the box in his vehicle. Zahn then drove off with the box. The box matched the description given by law enforcement officers in California of the box they believed contained marijuana.

18. Law enforcement officers then attempted to perform a traffic stop on Zahn's vehicle. However, after initially appearing to comply with the traffic stop, Zahn fled at a high rate of speed. Law enforcement officers gave chase but then allowed Zahn to flee for safety reasons. Zahn's vehicle had accelerated to almost 100 miles per hour and had gone through at least one red light at a major

intersection before law enforcement terminated the chase. Zahn's vehicle was observed later that day parked in a parking lot. However, both Zahn and the box were no longer in the vehicle.

**FACTS**

19. In the course of an investigation that included a New Jersey state court-authorized wiretap, physical surveillance, and other investigative techniques, law enforcement officers from the Ocean County Prosecutor's Office and the Drug Enforcement Administration determined Zahn and Greeson utilized account number 3133137295 in the name of Chee Nou Her at JP Morgan Chase Bank, N.A to deposit the proceeds of their marijuana trafficking.

20. On or about March 7, 2013, at approximately 2:35 p.m. Greeson sent a text to Zahn stating, "Waddup ron jeremy we need some depos stat :)." Then approximately thirty-five minutes later at 3:13 p.m. GREESON sent a text to Zahn stating, in part, "Chee nou her Chase bank 3133137295 Eureka, ca 95501 5500." Based on their knowledge, training, and experience, law enforcement understood that this is an email directing Zahn to place $5,500 into account number 3133137295 in the name of Chee Nou Her at JP Morgan Chase Bank, N.A.

21. On or about March 8, 2013, at approximately 12:56 p.m., Zahn texts Greeson stating, "Get more out today and ill depo more." Greeson responds stating, "We do the 5500 depo we get ten more they're ready." At 3:13 p.m. on the

same date Greeson texts Zahn stating, "Chee nou her Chase bank 3133137295 Eureka, ca 95501 $5500."

22. On or about March 8, 2013, at approximately 4:33 p.m., Greeson sent a text to Zahn, stating, "Head over to chase cuzz we got this u want mr nices or blue dreams." Moments later Greeson adds, "Cuzz ill take the damn pic but u gotta hit chase pls." Twenty minutes later Greeson sent a text to Zahn stating, "Because the bank closes in one hour. They want to see a deposit. That leaves me right around an hour to get it ready and drop it w no car." Greeson immediately follows-up with another texts message, stating, "Forget it then I see what's gunna happen already I already depoed the 17 u were suposed to get work first now they need to see another depo before u get work." On the same date, at approximately 5:00 p.m., Zahn texts Greeson stating, "I'm not running around rushing and all for nothing just forget it ill depo the money Monday and u can get sumtin out then." Greeson responded stating, "already and stop fussing about it put blaze on your lap and head to chase pretty please." Greeson then sent a text to Zahn stating, "Might have a diff acct for u cuz."

23. On or about March 8, 2013, at approximately 5:20 p.m. Zahn contacted an individual named Jacob Prestia ("Prestia") via cellular phone and asked him to make a deposit at Chase Bank. Prestia responded that he would be able make the deposit. On the same date at approximately 5:43 p.m., law enforcement officers observe Prestia drive to the Chase Bank at 54 Highland Parkway Toms River, New Jersey. On the same date, at approximately 5:54

p.m. Zahn calls Prestia to confirm that the deposit was made, which Prestia responds, "Done, it's done right I'm on my way back." Zahn then immediately sent a text message to Greeson stating, "K its done."

24. A review of bank records confirms that a deposit in the amount of $5,500.00 was completed and credited to account Chase Bank account 3133137295 under the name Chee N Her on March 8, 2013.

25. On or about March 18, 2013, at approximately 3:38 p.m. Greeson texts Zahn stating, " Chee nou her Chase Bank 3133137295 2095 Quaker st eureka ca 95501 9k."

26. On or about March 19, 2013, at approximately 3:47 p.m. Zahn texts Greeson stating, "Ill put 2800 in that will make us at 6k I gave u." Greeson then immediately called Zahn to discuss the details of the money owed between the two of them along with how much cash to deposit in either the "mexicans" account or the "asians" account:

> GREESON:" But, um, where I gon say, ok, these are at 22 6k is of, so I only get a 5k profit. So I'm still behind 1k with you in that scenario. I have three here, we'll figure it al the fuck out."
>
> ZAHN: "What did you do with the 32 hundred?"
>
> GREESON: "That went to the mexicans, you knew that."
>
> ZAHN:"Oh, that went to the mexicans, so technically you not, your not behind because there, I'll put in what, I'll put in 28 into an asian, right?"
>
> GREESON:"Yeup."

ZAHN: "Yea. You want me to make two different deposits. Do one for like 12 hundred and one for 17?"

GREESON: "Uhh, if you feel like, are they right next to each other."

ZAHN: "Oh, oh B of A, oh you want me to hit two banks."

GREESON: "I'll send you a B of A if you have time."

ZAHN: "I don't know. Just chop I more, I'm thinking it looks better. Like, oh you know, that kid only had that much and that kid only had that mush, you know."

GREESON: Yea, ok. Alright. Yea do 12 and whatever you said, 16. Umm."

27. At 4:00 p.m. law enforcement officers observed Zahn as he drove to the Bank of America located at 39 Brick Blvd Brick, New Jersey, where he made a deposit using the drive through window. At 4:09 p.m. law enforcement officers observed Zahn as he drove to Chase Bank located at 499 Route 70 Brick, New Jersey where he made a deposit using the drive through window. After making the above described deposits on March 14, 2013, Zahn texts Greeson, "Ok so 1200 in chase and 1600 in bofa tell them I could only get two people to get to the bank that owed me bread the rest will be done tomm."

28. On or about March 21, 2013, surveillance was conducted on Zahn. At approximately 11:50 a.m., law enforcement observed Zahn as he drove to the Chase Bank located at 499 Route 70 Brick, New Jersey to make a deposit by walking into the bank. A review of bank records confirms that Zahn deposited $7,800 into the Chee Nou Her account.

29. On or about April 3, 2013, a seizure warrant was executed by the Honorable Steven C. Mannion, United States Magistrate Judge for the District of New Jersey, for the contents of account number 3133137295 in the name of Chee Nou Her at JP Morgan Chase Bank, N.A.

30. On April 4, 2013, law enforcement executed the above-referenced seizure warrant and seized $69,914.91 from account number 3133137295 in the name of Chee Nou Her at JP Morgan Chase Bank, N.A.

31. On June 20, 2013, the DEA received a claim from Chee Nou Her for the return of $43,214.91 of the seized funds.

**CLAIM FOR FORFEITURE**
**COUNT I**

32. The allegations contained in paragraphs 1 through 31 of this Verified Complaint are incorporated herein as if set forth at length.

33. Title 18, United States Code, Section 1956(a)(1), commonly known as the "money laundering" statute, imposes a criminal penalty on any person who knowing that property involved in a financial transaction represents the proceeds of some form of unlawful activity, conducts or attempts to conduct such a financial transaction which in fact involves the proceeds of specified unlawful activity ---

> (A) (i) with the intent to promote the carrying on of the specified unlawful activity; or ...
>
> (B) knowing that the transaction is designed in whole or in part ---

> (i) to conceal or disguise the nature, the location, the source, the ownership, or the control of the proceeds of specified unlawful activity ....

34. The term "financial transaction" is defined in Title 18, United States Code, Section 1956(c)(4).

35. A "Specified unlawful activity" is defined in Title18, United States Code, Section 1956(c)(7), and, by reference, incorporates the offenses listed in Title18, United States Code, Section 1961(1).

36. It is an offense under Section 1956(h) to conspire to commit an offense described in Section 1956 or 1957.

37. By reason of the above, the defendant currency became and is, subject to forfeiture to the United States of America pursuant to Title 18, United States Code, Section 981 because there is probable cause to believe that it is property involved in a transaction or attempted transaction in violation of Title 18, United States Code, Section 1956 or represents property traceable to such property.

**WHEREFORE**, the plaintiff requests that the Court issue a warrant for the arrest and seizure of the defendant currency; that notice of this action be given to all persons who reasonably appear to be potential claimants of interests in the defendant currency; that the defendant currency be forfeited and condemned to the United States of America; that the plaintiff be awarded its costs and

disbursements in this action; and that the Court award such other and further relief as it believes proper and just.

**COUNT II**

38. The allegations contained in paragraphs 1 through 37 of this Verified Complaint are incorporated herein as if set forth at length.

39. By reason of the foregoing, there is probable cause to believe that, pursuant to Title 21, United States Code, Section 881(a)(6), the defendant currency is subject to forfeiture to the United States because they constitute things of value furnished or intended to be furnished in exchange for a controlled substance or are proceeds traceable to an exchange of moneys or other things of value furnished in exchange for a controlled substance.

**WHEREFORE**, the plaintiff requests that the Court issue a warrant for the arrest and seizure of the defendant currency; that notice of this action be given to all persons who reasonably appear to be potential claimants of interests in the defendant currency; that the defendant currency be forfeited and condemned to the United States of America; that the plaintiff be awarded its costs and

disbursements in this action; and that the Court award such other and further relief as it believes proper and just.

Dated: September 17, 2013.

PAUL J. FISHMAN
United States Attorney

By: PETER W. GAETA
Assistant United States Attorney

**VERIFICATION**

**STATE OF NEW JERSEY** :

**ss**

**COUNTY OF ESSEX** :

I, Allen N. Cardona, hereby verify and declare under penalty of perjury that I am a Task Force Officer with the Drug Enforcement Administration, that I have read the foregoing Verified Complaint for Forfeiture *In Rem* and know the contents thereof, and that the matters contained in the Verified Complaint are true to my own knowledge, except that, as to those matters herein stated to be alleged on information and belief, I believe them to be true.

The sources of my knowledge and the grounds of my belief include the official files and records of the United States, information supplied to me by other law enforcement officers, and my own investigation of this case.

I hereby verify and declare under penalty of perjury that the foregoing is true and correct.

Allen N. Cardona
Task Force Officer
Drug Enforcement Administration

Sworn to and subscribed before me this 17th
day of September, 2013, at Newark, New Jersey.

PETER W. GAETA
Attorney-at-Law of the State of New Jersey